ELVIRA FARRINGTON *vs.* INHABITANTS OF ANSON.

Somerset.   Opinion July 27, 1885.

*Paupers.   Overseers of the poor.   Towns.*

To enable a person to recover of a town for supplies furnished a pauper he must show that they were furnished as pauper supplies by virtue of a con-

tract with the overseers of the poor, when there is no count in the writ founded upon a statute liability.

'The overseers of the poor do not act as agents of the town in the performance of the duty imposed on them by statute in binding out a pauper during his minority. The town can not interfere to dictate the terms of the contract, or to prevent it. It is not, therefore, responsible for an error or omission in the papers.

ON REPORT.

Assumpsit on account annexed for boarding, clothing and caring for John Hutchinson, an alleged pauper. There was also a general count of indebitatus assumpsit.

The opinion recites the material facts.

*Merrill and Coffin,* for the plaintiff.

The plaintiff contends that the overseers of the defendant town agreed to bind the pauper to her till he was twenty-one. The paper they gave her had no validity; it was void and avoided after the plaintiff had supported the pauper four years. The paper was made by the defendants; they are the party in fault; they did not do as they agreed.

Again, if the special contract under which partial service is performed be void, or voidable and voided, or from the fault of the defendants it is impossible to be performed, it cannot be set up to defeat the plaintiff's *quantum meruit.* 2 Smith L. Cas. 61; *Moses* v. *Stevens,* 2 Pick. 336; *Fitch* v. *Casey,* 2 Iowa, 307; *Thompson* v. *Gould,* 20 Pick. 134; *Canada* v. *Canada,* 6 Cush. 15; *Lakeman* v. *Pollard,* 43 Maine, 467; 14 Maine, 474; *Brittan* v. *Turner,* 6 N. H. 481; Chitty, Contr. 622; *Spring* v. *Coffin,* 10 Mass. 31; *Claflin* v. *Godfrey,* 21 Pick. 1.

*J. J. Parlin,* for the defendants, cited: *Mitchell* v. *Rockland,* 52 Maine, 123; *Riddle* v. *Proprietors of L. & Canals,* 7 Mass. 169; *Brown* v. *Vinalhaven,* 65 Maine, 402; *Clinton* v. *Benton,* 49 Maine, 554; *Smithfield* v. *Waterville,* 64 Maine, 412; *Boothby* v. *Troy,* 48 Maine, 560.

DANFORTH, J. The plaintiff seeks to recover for aid rendered an alleged pauper. There is no count in the writ founded upon a statute liability — no pretence that any such exists. The

supposed pauper has his settlement in the defendant town; the plaintiff lives, and rendered the services for which she claims pay, in another town. It is, therefore, evident that to succeed, she must show that she furnished the support by virtue of some arrangement, some contract with the overseers of the poor, and that it was furnished as pauper supplies. This she fails to do.

The case shows that previous to October 1, 1879, the plaintiff had supported the child as a pauper, under an express agreement with the overseers, for which she has been paid. At that date, another and a different agreement was made, by which she was to take the child as her own and save the town harmless from all expense on his account until he had reached his majority. As a consideration for this, the overseers were to pay her the sum of sixty dollars, and by indentures, bind the child to her during his minority. Subsequently, the contract was reduced to writing and the sixty dollars were paid. Under this agreement, the plaintiff furnished the support for which she claims to recover in this action. But under this contract, the child had ceased to be a pauper. The plaintiff so understood it and so did the overseers. The former agreement had ceased, the child was relieved from the disabilities of a pauper, and the town from liability until a new necessity occurred and a new notice given.

But it is said that this last agreement was void, and therefore did not interrupt the former. It is true that at the end of about four years, legal process was commenced in behalf of the child, and the court discharged him from his indentures. But this does not change the fact that for the time he was not a pauper, that the town was relieved of his support, and was entitled to the necessary statute proceedings before it could again become liable. *Oldtown* v. *Falmouth*, 40 Maine, 108.

It is further claimed that the plaintiff is entitled to recover for services rendered in the partial performance of the contract by reason of having been prevented from its full performance by the fault of the other party. The same reply may be made here as before. These services were not rendered to a pauper, nor in fact to the town. The town was not a party to the later contract, nor in any legal sense did it receive any benefit under it upon

which an implied promise could rest. It was only that benefit which accrues in all cases where the town is relieved from the support of one who has been a pauper. It is true that both contracts were made by the overseers of the poor. The former by them as the legal agents or servants of the town, in which they had the power to and did bind the town to its performance. But the latter was made by them in their official capacity, in pursuance of a duty imposed upon them by statute, for which they alone are responsible, and to the performance of which they could not bind the town. The town had no authority in the matter. It could not interfere to dictate the terms of the contract, or to prevent it. It was not, therefore, responsible for an error or omission in the papers, and wherever the responsibility of such error or omission may rest, whether upon the plaintiff or the overseers, it certainly can not upon the town; nor can it impose any liability upon the town for services rendered under the contract. *Mitchell* v. *Rockland*, 52 Maine, 118; *Brown* v. *Vinalhaven*, 65 Maine, 402.

*Judgment for the defendants.*

PETERS, C. J., WALTON, LIBBEY, EMERY and FOSTER, JJ., concurred.